# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE A. BRUTCHER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-cv-2144-RWS |
| STATE OF MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the notice of removal filed by plaintiff George A. Brutcher, seeking to remove a state court criminal case to this Court. This action will be remanded.

In the case at bar, plaintiff cites his state court criminal case as case number 23CR304-1919-01, a case that was adjudicated in the Circuit Court of Jefferson County, Missouri. Review reveals that, on June 22, 2006, a jury convicted plaintiff of felonious restraint, resisting arrest, assault of a law enforcement officer, class A first-degree assault, first-degree burglary, armed criminal action, victim tampering, class B first-degree assault, and unlawful use of a weapon. On September 11, 2006, the Court sentenced plaintiff to life imprisonment plus 109 years. Plaintiff is presently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. Plaintiff appealed his convictions and sentences to the Missouri Court of Appeals, which affirmed on January 22, 2008. Plaintiff subsequently sought and was denied Supreme Court review. *State v. Brutcher*, 248 S.W. 3d 66 (Mo. Ct. App. 2008). Plaintiff filed a post-conviction motion in the trial court based upon ineffective assistance of counsel. That motion

was denied, plaintiff appealed such denial to the Missouri Court of Appeals, and on February 8, 2011, the Court affirmed the trial court's decision. Plaintiff subsequently sought and was denied Supreme Court review. *Brutcher v. State*, 333 S.W. 3d 516 (Mo. Ct. App. 2011). On September 16, 2011, plaintiff filed an action in this Court pursuant to 28 U.S.C. § 2254, and relief was denied on September 26, 2014. *Brutcher v. Dormire*, No. 4:11-cv-1613-ACL.

In the case at bar, plaintiff seeks to remove his state court case to this Court because he is "being held on sentence without jurisdiction from Jefferson County, MO," and because the Jefferson County Court is "intentionally frustrating a timely appeal to correct that wrong. A substantive motion was filed, rubber stamped, an appeal was filed and the Court is maliciously obstructing the process of appeal, notwithstanding defendant complains and complains." (Docket No. 1 at 1, 6). Plaintiff does not explain the nature of the appeal he claims is being frustrated. As noted above, plaintiff has sought and been denied appellate review in the state court system, and has been denied habeas relief in this Court.

As the basis for removal, plaintiff writes "28 U.S.C. §§ 1443 – 1447(c)(d)." (Docket No. 1, Attach. 1). Plaintiff provides no explanation why removal is appropriate under any of those statutes, and it appears that he simply lumped them together without considering their applicability. Nevertheless, the Court will consider the notice of removal, beginning with considering whether removal is appropriate under 28 U.S.C. § 1443.

Section 1443 allows for the removal of a state criminal <u>prosecution</u> "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal jurisdiction under § 1443(1) is very limited. *City of*

*Greenwood v. Peacock,* 384 U.S. 808, 828 (1966); *see also Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D. Minn. Dec. 11, 2012). In order for a state criminal prosecution to be removed under § 1443(1), the removal petition must satisfy a two-prong test. *Johnson v. Mississippi,* 421 U.S. 213, 219-20 (1975). First, it must appear that the right allegedly denied the petitioner arises under a federal law providing for civil rights stated in terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Second, it must appear that the petitioner is denied or cannot enforce the specified federal rights in state court. *Id.* at 803. Satisfaction of the second prong typically requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.*

The state court criminal case plaintiff seeks to remove has been adjudicated, and can no longer be considered a state criminal prosecution that can be removed pursuant to 28 U.S.C. § 1443. Even if plaintiff were seeking removal of a state court prosecution, he would fail to satisfy either prong of the § 1443(1) test. He fails to allege that he is being denied a right stated in terms of racial equality, and he fails to show that there is a state law preventing him from raising his federal claims in state court. Section 1443(2) is no more availing, as it applies to those acting under the "color of authority" derived from any law providing for civil rights. The Supreme Court has held that the "color of authority" clause of § 1443(2) is limited to enforcement activity by federal officers and those acting under them, *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 823 (1966), and there is no indication in any of plaintiff's filings that he qualifies.

None of the other statutes plaintiff references authorize the removal of this action. Title 28 U.S.C. § 1444 applies to foreclosure actions against the United States; § 1445 sets forth civil

3

actions that are expressly non-removable; § 1446 concerns procedures for removal of civil actions; and § 1447 sets forth the procedures district courts follow after removal. Subsections (c) and (d) of § 1447, which plaintiff specifically cites, concern remand. Plaintiff does not cite, nor is the Court aware, of any federal statute allowing for the removal of the instant case. Even if there were such a statute, this action would be remanded because plaintiff's notice of removal is untimely, and he offers nothing tending to demonstrate good cause therefor. *See* 28 U.S.C. § 1455(b)(2).

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal is not permitted in this case. The Court therefore summarily remands this matter to the Circuit Court for Jefferson County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis (Docket No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Jefferson County, Missouri.

Dated this 20th day of January, 2017.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE